**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1204

RANDY ARTHUR BORNHEIMER,
          Appellant

v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE;
HARRY WILSON, Superintendent

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 03-cv-00375)
District Judge: Honorable Sean J. McLaughlin

_____

Submitted Under Third Circuit LAR 34.1(a)
April 14, 2006

Before: MCKEE, FUENTES AND NYGAARD,, <u>CIRCUIT JUDGES</u>

(Filed:May 19, 2006)

_____

OPINION
_____

PER CURIAM

  Appellant, Randy Bornheimer, a Pennsylvania inmate proceeding <u>pro se</u>, appeals an order of the United States District Court for the Western District of Pennsylvania dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

In 1990, Bornheimer was convicted of numerous sexual offenses and received a sentence of nine years nine months to twenty-five years imprisonment. The Pennsylvania Board of Probation and Parole ("Board") has denied Bornheimer parole from his sentence on at least five occasions, with the denial at issue in the underlying § 2254 petition occurring on October 22, 2003. The Board's October 22nd written decision reads in part:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act of 1941, as amended, 61 P.S. § 331.1 et seq., the Board of Probation and Parole, in the exercise of its discretion, has [] determined at this time that: your best interests do not justify or require you being paroled/reparoled; and, the interests of the Commonwealth will be injured if you were paroled/reparoled. Therefore, you are refused parole/reparole at this time.

The Board further listed as reasons for its decision: Bornheimer's version of the nature and circumstances of the offenses committed; his lack of remorse; his need to participate in and complete additional institutional programs (i.e., batterer's intervention); and the fact that appellant submitted a home plan with children, thereby demonstrating a lack of insight into his crime.

The following month Bornheimer filed the underlying § 2254 petition in the District Court alleging that the Board's decision violated the Ex Post Facto Clause of the United States Constitution by retroactively applying the 1996 amendments to the Pennsylvania Parole Act ("Act"). Bornheimer conceded that he did not exhaust state-court remedies, but contended that exhaustion would be futile based, inter alia, upon the Pennsylvania Supreme Court's holdings in Winklespecht v. Pennsylvania Bd. of

Probation and Parole, 813 A.2d 688 (Pa. 2002), and Finnegan v. Pennsylvania Bd. of Probation and Parole, 838 A.2d 684 (Pa. 2003).  The respondents filed a motion to dismiss, contending that Bornheimer did not exhaust state court remedies and that he should not be permitted to circumvent this requirement based upon his speculation that he is unlikely to succeed on the merits in state court.

The Magistrate Judge to whom Bornheimer's petition was referred concluded initially that appellant failed to exhaust his state court remedies.  The Magistrate Judge further determined that Bornheimer's ex post facto claim had since been procedurally defaulted, that he failed to establish cause and prejudice to overcome the default, and that the miscarriage of justice exception did not apply.  Additionally, the Magistrate Judge issued an alternative conclusion that Bornheimer's claim lacked merit.  Accordingly, the Magistrate Judge recommended that the petition be dismissed.  Over Bornheimer's objections, the District Court adopted the Report and dismissed Bornheimer's habeas petition.  A timely appeal followed, and we granted Bornheimer a certificate of appealability on the issue of whether the District Court properly dismissed his petition on grounds of procedural default, or on the alternative ground that his ex post facto challenge to the Parole Board's decision lacked merit.

We have jurisdiction over the instant appeal pursuant to 28 U.S.C. §§ 1291 and 2253.  We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error.  Mickens-Thomas v. Vaughn, 321 F.3d 374, 376 (3d Cir. 2003).  While this appeal was proceeding through the briefing stage, we issued our

decision in Parker v. Kelchner, 429 F.3d 58 (3d Cir. 2005), wherein, citing the Supreme Court's decision in Engle v. Isaac, 456 U.S. 107, 128 (1982), we held that:

> likely futility on the merits ... in state court of a petitioner's habeas claim does not render that claim "exhausted" within the meaning of § 2254(b)(1)(A) so as to excuse the petitioner's failure to exhaust that claim by presenting it in state court before asserting [it] in a federal habeas petition. Allowing petitioners to bypass state court merely because they believe that their constitutional claims would have failed there on the merits would fly in the face of comity and would deprive state courts of a critical opportunity to examine and refine their constitutional jurisprudence.

Parker v. Kelchner, 429 F.3d at 64.

Contrary to Bornheimer's assertion that Pennsylvania case law has "ruled out a writ of mandamus process in the state Commonwealth Court," see Aplt's Letter of 12/7/05 submitted pursuant to Fed. R. App. P. 28(j), we recently recognized that the Pennsylvania Supreme Court's decision in Cimaszewski v. Board of Probation and Parole, 868 A.2d 416, 427 (Pa. 2005), "had squarely answered in the affirmative that the 1996 Amendments had changed the substantive criteria for parole in Pennsylvania and that a petitioner who could demonstrate individual disadvantage from retroactive application of the 1996 Amendments could prevail on an ex post facto claim." Parker, 429 F.3d at 64 n.5, citing Richardson v. Pennsylvania Bd. of Probation and Parole, 423 F.3d 282, 290 (3d Cir. 2005). As we made clear in Parker, the state courts should be given the first opportunity to review a habeas petitioner's ex post facto claim. Bornheimer admittedly failed to exhaust his ex post facto claim by presenting it to the Commonwealth Court of Pennsylvania in a petition for writ of mandamus. See Coady v. Vaughn, 251 F.3d 480, 489 (3d Cir. 2001). As such, we agree with appellees that Parker

is dispositive of the exhaustion issue and, ultimately, of this appeal.

We note that, as correctly stated by appellees, the District Court characterized the available avenue of exhaustion as one of appeal although, under Pennsylvania law, parole decisions are "generally not subject to judicial review unless the petitioner asserts a constitutional challenge to the denial of parole or seeks a writ of mandamus to compel the Parole Board to exercise its discretion."  Richardson, 423 F.3d at 285, citing Coady v. Vaughn, 778 A.2d 287, 290 (Pa. 2001).  We thus cannot agree with the District Court's conclusion that Bornheimer's claim is procedurally defaulted as a result of his failure to file an *appeal*.  However, we likewise cannot agree with appellees' contention that Bornheimer's ex post facto claim is procedurally defaulted because he failed to file a mandamus petition within six months of issuance of the Parole Board's decision as appellees maintain is required by 42 Pa.C.S. § 5522(b)(1).  See Aples' Brief at 14 n.4, citing Tulio v. Beard, 858 A.2d 156, 160 (Pa. Cmwlth. 2004).

State law must "*clearly foreclose* state court review of [the] unexhausted claim[]." Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir.1993).  As explained by the Supreme Court in James v. Kentucky, 466 U.S. 341, 348-351 (1984), only a "firmly established and regularly followed state practice" may be interposed by a state to prevent subsequent review in federal court of a federal constitutional claim.  We are not convinced that § 5522(b)(1) fits this bill.  Appellees cite to only one case that mentions this limitation of § 5522(b)(1), and we have found no cases applying that provision in a context similar to the one presented by the instant appeal.  As we have stated on numerous occasions, "[i]f the

federal court is uncertain how a state court would resolve a procedural default issue, it should dismiss the petition for failure to exhaust state remedies even if it is unlikely that the state court would consider the merits to ensure that, in the interests of comity and federalism, state courts are given every opportunity to address claims arising from state proceedings." Lines v. Larkins, 208 F.3d 153, 163 (3d Cir. 2000), citing Doctor v. Walters, 96 F.3d 675 (3rd Cir.1996).  We will therefore affirm the District Court's order dismissing Bornheimer's § 2254 petition, but reform that order as being a dismissal without prejudice for failure to exhaust state court remedies.  Given the foregoing exhaustion analysis, we find it unnecessary to address the merits of Bornheimer's claim.

     We further deny Bornheimer's request for leave to file a supplemental brief.  Even aside from the fact that Bornheimer's request is rendered moot by our disposition of this appeal, our decision in Richardson v. Pennsylvania Board of Probation and Parole, 423 F.3d 282 (3d Cir. 2005), was cited and addressed in appellees' brief.  As appellees state, Bornheimer was free to submit a reply brief answering appellees' argument in accordance with the ordinary briefing process.  See Fed. R. App. P. 28(c) and 31(a).  He chose not to file any such brief.  As for our decision in Parker v. Kelchner, both parties have submitted letters pursuant to Fed. R. App. P. 28(j), which contain argument and have been considered by the Court.  Moreover, Bornheimer presents no exceptional circumstances which warrant the filing of a supplemental brief.  See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).  Rather, Bornheimer merely seeks an opportunity to present a "slant" on his futility argument – one that he admits was not raised before the District

Court. Bornheimer attempts to justify this omission by simply explaining that, prior to our issuance of Parker, he "did not feel it necessary to advance every reason why exhaustion should be excused." See Motion for Permission to File Supplemental Brief at ¶ 11. This Court has, however, consistently held that it will not consider issues (even apparently meritless ones) that are raised for the first time on appeal. Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994).

Accordingly, for the reasons stated, we will affirm the District Court's judgment.